IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBRA SKANES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15CV134-WKW |
| | ) | |
| FEDEX and FEDEX GROUND | ) | |
| PACKAGE SYSTEM, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Debra Skanes proceeds *pro se* in this action against defendants Federal Express Corporation and FedEx Ground Package System, Inc. She asserts that, by mishandling a shipment, defendants breached a fiduciary duty to her and caused her to suffer compensable injury. This action is presently before the court on defendants' motions for summary judgment. Upon consideration of the motions and plaintiff's responses in opposition, the court concludes that the motion of Federal Express Corporation (Doc. # 29) is due to be granted.  The motion of FedEx Ground (Doc. # 31) is due to be granted as to plaintiff's state law claims because these claims are preempted by the Carmack Amendment; however, FedEx Ground has not demonstrated, on the present record, that it is entitled to summary judgment on plaintiff's Carmack Amendment claim.

**BACKGROUND**

On January 30, 2015, plaintiff Debra Skanes sued "Fedex" in the Circuit Court of Montgomery County, Alabama, alleging that "Fedex was to date a package for January 31,

2013 and deliver two bus[]iness days later but, instead the package was dated for [F]ebruary 1, 2013 and delivered six days later." (Complaint, Doc. # 1-2). Plaintiff further alleges that this conduct "resulted in a dismissal of a court case." (Id.). She contends that "Fedex owes [her] a fiduciary duty to handle the mail with care" and that it breached this duty, causing her to suffer "financially, mentally, and emotionally." (Id.). Plaintiff seeks compensatory damages in the amount of $100,000.00 and "reserves the right to seek punitive damages in the amount of $100,000.00[.]" (Id.).

Federal Express Corporation[1] ("FedEx Express") removed the action to this court on February 26, 2015, invoking both diversity and federal question jurisdiction, and answered the complaint. (Doc. ## 1, 3).[2] Thereafter, FedEx Ground Package System, Inc. ("FedEx Ground") moved to intervene as a defendant, asserting that it – not FedEx Express – had delivered the package at issue. (Doc. #13).[3] The court allowed FedEx Ground to intervene, and directed plaintiff to file a notice stating whether she objected to the substitution of FedEx Ground Package System, Inc., for Federal Express Corporation as the defendant. (Doc. # 14). Plaintiff did not agree to the substitution and, thus, both defendants remain before the

---

[1] This defendant explains that it is "Federal Express Corporation d/b/a FedEx Express" and that it is "incorrectly sued as 'FedEx[.]'" (Doc. # 30, p. 1).

[2] Upon its removal to this court, the presiding District Judge referred this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636, for further proceedings and determination or recommendation as may be appropriate. (Doc. # 6).

[3] Plaintiff first provided FedEx with the tracking number for the shipment at issue during the telephone scheduling conference held on March 23, 2015. (Doc. # 13-1, Gabel dec., ¶¶ 1-5).

court.[4] (See Doc. ## 15, 16).

## DISCUSSION

### Summary Judgment Standard

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For summary judgment purposes, an issue of fact is "material" if, under the substantive law governing the claim, its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant fails to satisfy its initial burden, the motion for summary judgment will be denied. Kernel Records Oy v. Mosley, 694 F.3d 1294, 1300 (11th Cir. 2012), cert. den., 133 S.Ct. 1810 (2013). If the movant adequately supports its motion, the burden shifts to the opposing party to establish – "by producing affidavits or other relevant and admissible evidence beyond the pleadings" – specific facts raising a genuine issue for trial. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1315 (11th Cir. 2011); Dietz v. Smithkline Beecham Corp., 598 F.3d 812, 815 (11th Cir. 2010); Fed. R. Civ. P. 56(c)(1)(A). "All affidavits [and declarations] must be based on personal knowledge and must set forth facts that would be admissible under the Federal Rules of Evidence[.]" Josendis, 662 F.3d at 1315; Fed. R. Civ. P. 56(c)(4). The court views the evidence and all reasonable factual inferences in the light most favorable to the nonmovant. Miller's Ale House, Inc. v. Boynton Carolina Ale House,

---

[4] The court then advised Federal Express Corporation that it "may challenge plaintiff's right to proceed against it by filing an appropriate summary judgment motion." (Doc. # 16, p. 2).

LLC, 702 F.3d 1312, 1316 (11th Cir. 2012). However, "'[i]f no reasonable jury could return a verdict in favor of the nonmoving party, there is no genuine issue of material fact and summary judgment will be granted.'" Morton v. Kirkwood, 707 F.3d 1276, 1284 (11th Cir. 2013)(citation omitted).

## FedEx Express

FedEx Express contends that it is not liable to the plaintiff for the allegedly late delivery because (1) it was not a party to the contract of carriage and did not transport the package at issue; and (2) in the alternative, plaintiff cannot demonstrate that its actions caused her injury or that she suffered any damages at all. (Doc. # 30). FedEx Express has filed evidence that (1) FedEx Express and FedEx Ground are separate and distinct corporate entities; (2) when plaintiff tendered her package for shipment at the Gunter Park FedEx Express station, she asked for a price quote and was told that the price for the FedEx Express service was approximately $70.00; (3) plaintiff then asked for the cheapest service; (4) plaintiff used a FedEx Ground order form to initiate the shipment transaction and paid $13.69 to ship the package from Montgomery, Alabama, to the Clerk of the United States Supreme Court in Washington, D.C.; (5) a FedEx Ground shipping label was used for the package, with a FedEx Ground tracking number of 045737715072543; and (6) FedEx Express uses 12-digit tracking numbers and has no record of a FedEx Express shipment with tracking number 045737715072543. (Klank aff., ¶¶ 2-7; Fowler aff.; Skanes depo., pp. 27-29, 35-36 and Exhibits 7, 8, and 12; see also Mclaurin dec., ¶¶ 6-11 (FedEx Ground

independent contractor picks up packages to be sent via ground transportation at the FedEx Express station on Gunter Park drive once daily and transports them to the FedEx Ground station)).

Plaintiff points to no evidence of record demonstrating an issue of fact regarding whether she contracted with FedEx Express to deliver the package at issue to the Supreme Court, and she makes no argument about the identity of the carrier. (See Doc. ## 34, 36). Plaintiff has not cited evidence that she entered into any agreement with FedEx Express and, thus, she cannot establish that this defendant owed her either a fiduciary or a contractual duty. In the absence of such a duty, plaintiff cannot prevail on her claim that FedEx Express breached it.[5] See Ruttenberg v. Friedman, 97 So.3d 114, 123 (Ala. 2012) (elements of a claim of breach of fiduciary duty are "(1) the existence of a fiduciary duty between the parties; (2) the breach of that duty; and (3) damages suffered as a result of the breach"); Line v. Ventura, 38 So.3d 1, 12-13 (Ala. 2009) (discussing "how a fiduciary duty is created"); Shaffer v. Regions Financial Corp., 29 So.3d 872 (2009) (elements of a breach of contract claim are "'(1) a valid contract binding the parties; (2) the plaintiff['s] performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages'") (citation

---

[5] While it appears that FedEx Express accepted plaintiff's shipment and payment on behalf of FedEx Ground (see McLaurin dec., Doc. # 32-3), plaintiff points to no evidence that FedEx Express transported her shipment or that she entered into any contractual or fiduciary relationship with FedEx Express.

omitted). Thus, FedEx Express's motion for summary judgment is due to be granted.[6]

## FedEx Ground

FedEx Ground contends that it is entitled to summary judgment because (1) plaintiff's state law claims are preempted by the "Carmack Amendment" (49 U.S.C. § 14706) to the Interstate Commerce Act; (2) it has limited its liability, as permitted by the Carmack Amendment, by the terms of its tariff; (3) plaintiff's claims are precluded by those terms because plaintiff failed to file the written claim required by the tariff, she cannot prove actual damages (which are limited to $100, in any event), and the tariff excludes liability for "special, incidental, or consequential" damages; and (4) FedEx Ground had no fiduciary duty to the plaintiff. (Doc. # 32, pp. 7-14). Plaintiff responds that "[t]he suit is not about the package itself but, negligence in the way the package was delivered. The Plaintiff is seeking damages for a late arrival of the package." (Doc. # 34, p. 1). She further contends that the U.S. Supreme Court might have decided to hear her case because her constitutional rights were violated in the lower court but that, because defendant breached its agreement for a two-day delivery, plaintiff's "case was intercepted by the late delivery." (Id., pp. 1-2). Plaintiff maintains that the defendant is liable to her because it "was negligent and/or committed breached fiduciary duties to Plaintiff resulting in the violation of her Civil Right

---

[6] In view of this conclusion, the court does not reach FedEx Express's argument that plaintiff cannot prove damages.

section 42 U.S.C. - 1985." (Doc. # 36, p. 2)(errors in original).[7]

*Preemption*

"The Carmack Amendment creates a uniform rule for carrier liability when goods are shipped in interstate commerce. To accomplish the goal of uniformity, the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods." Smith v. United Parcel Service, 296 F.3d 1244, 1246 (11th Cir. 2002)(citations omitted). In Smith, the carrier stopped making deliveries to the plaintiffs' residence due to an altercation between the plaintiffs and the driver assigned to their route; instead, UPS mailed notices to the plaintiffs and required them to pick up their packages at the local UPS office. Id., 296 F.3d at 1245-46. The plaintiffs alleged that UPS committed fraud by accepting shipments for delivery to them knowing that it did not intend to make the deliveries. They also asserted claims for "negligence, wantonness, or willfulness" due to UPS's breach of its duty to deliver the packages to them, and an outrage claim also arising from its failure to make deliveries. Id. 1247-48. The court observed that "[t]he Supreme

---

[7] Construed liberally, plaintiff's complaint alleges no facts that state (or suggest) a claim for conspiracy to violate plaintiff's civil rights. (See Complaint, Doc. # 1-2). The deadline for amending the complaint passed several months ago, on May 24, 2015. (Doc. # 11). Plaintiff "cannot amend [her] complaint through argument made in [her] brief in opposition to the defendant's motion for summary judgment," and neither may the court "*sua sponte* amend[] a plaintiff's claim on summary judgment[.]" Miccosukee Tribe of Indians of Florida v. United States, 716 F.3d 535, 559 (11th Cir. 2013). Plaintiff has not sought an extension of the amendment deadline, nor has she moved to amend her complaint. Nothing in the record before the court suggests that plaintiff might have a viable civil rights conspiracy claim. At this late juncture, the court declines to offer plaintiff an opportunity to amend her complaint to try to state such a claim.

Court of the United States has described the preemptive effect of the Carmack Amendment very broadly," – *i.e.,* to "embrace[] 'all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation.'" Id. at 1249 (quoting Georgia, Fla. & Ala. Ry. Co. v. Blish Milling Co., 241 U.S. 190, 196 (1916)). The Eleventh Circuit concluded that "only claims based on conduct separate and distinct from the delivery, loss of, or damages to goods escape preemption [by the Carmack Amendment]" and held that the plaintiffs' state law claims, all of which arose from UPS's failure to deliver their packages to their residence, were preempted by the Carmack Amendment. Smith, 296 F.3d at 1248-49. The preemptive effect of the Carmack Amendment extends to claims arising from a delay in delivery. See Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 29 (1936) ("The words of the statute 'are comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination.' The statute thus applies to damages caused by delay in making delivery.") (citations omitted). Plaintiff's claims arise from FedEx Ground's alleged delay in delivering her package to the Clerk of the United States Supreme Court; these claims fall within the preemptive scope of the Carmack Amendment.

*Limitation of Damages*

Under the Carmack Amendment, a carrier like FedEx Ground is liable for the "actual loss or injury to the property caused by" the carrier, unless it limits its liability under the terms of the statute. 49 U.S.C. §14706. A motor carrier may "... establish rates for the

transportation of property ... under which the liability of the carrier for such property is limited to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation." Id. at § 14706(c)(1)(A). To limit its liability under the Carmack Amendment, a carrier must

> (1) maintain a tariff within the prescribed guidelines of the Interstate Commerce Commission; (2) give the shipper a reasonable opportunity to choose between two or more levels of liability; (3) obtain the shipper's agreement as to the choice of liability; and (4) issue a receipt or bill of lading prior to moving the shipment.

UPS Supply Chain Solutions, Inc. v. Megatrux Transportation, Inc., 750 F.3d 1282, 1286 (11th Cir. 2014).[8]

FedEx Ground has filed evidence that, at the time of the shipment at issue, it "performed interstate transportation services pursuant to the FedEx Ground Tariff 200-Z, effective January 7, 2013. (McLaurin dec., Doc. # 32-3, ¶ 5). It points to evidence that plaintiff initiated the shipment using a FedEx Ground Order form. (Doc. # 32-4). The FedEx

---

[8] As the Eleventh Circuit acknowledged in this decision, this four-part test was formulated under a previous version of the statute. UPS Supply Chain Solutions, 750 F.3d at 1286 n. 3 ("The first prong has been largely eliminated by statutory changes that abolished the Interstate Commerce Commission and replaced it with the Surface Transportation Board. Instead, carriers are now required to provide shippers on request with a written or electronic copy of the rates, classifications, rules, or practices applicable to the shipment or agreed to between the shipper and carrier."). "[A] carrier is now required to provide a shipper with the carrier's tariff if the shipper requests it, instead of the shipper filing its tariff with the now-defunct ICC." Sassy Doll Creations, Inc. v. Watkins Motor Lines, Inc., 331 F.3d 834, 841 (11th Cir. 2003).

Ground order form provides, on a line immediately following the section for the shipper's and recipient's addresses, a space for the shipper to indicate the "Declared Value" of the package; plaintiff left this space blank. (Id.).[9] The form includes language directly below that line that states, "Our liability is limited to $100 per package unless you declare a higher value. See back for details." (Id.). The reverse of the FedEx Ground order form provides that, by tendering the package for delivery, the shipper agrees to the terms on the FedEx Ground order form and in the "current FedEx Service Guide," and that the latter is available at "fedex.com" and upon request. (Id.). This evidence suggests that FedEx Ground has limited its liability to some extent by the terms set forth in FedEx Ground Tariff 200–Z, effective January 7, 2013. However, FedEx Ground has not established that it is entitled to summary judgment on the present record on the basis of those terms. The version of Tariff 200-Z that is now of record in this matter is not precisely as it was on January 31, 2013, when plaintiff presented her package to FedEx for shipment.

In support of its motion, FedEx Ground has filed a portion of the FedEx Service Guide

---

[9] Defendant has filed the copy of the order form provided to it by the plaintiff and, also, a copy of a blank form (see Doc. # 32-4). Defendant explains that it provided the blank copy of the form because the one provided to it by the plaintiff "was slightly cut off." (Doc. # 32, FedEx Ground's brief, at p. 4 n. 1). Plaintiff has not objected to these documents on the grounds of defendant's failure to authenticate them properly, nor does she contest their authenticity. Because it is apparent that these documents "can be reduced to admissible, authenticated form at trial," U.S. Aviation Underwiters, Inc. v. Yellow Freight System, Inc., 296 F.Supp.2d 1322, 1344 (S.D. Ala. 2003)), the court may consider these documents on the present motion. See McMillian v. Johnson, 88 F.3d 1573 (11th Cir. 1996)(interpreting language in Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) to "allow[] *otherwise admissible* evidence to be submitted in *inadmissible form* at the summary judgment stage, though at trial it must be submitted in admissible form") (emphases in original).

dated January 7, 2013; it includes the FedEx Ground Tariff 200-Z that went into effect on January 7, 2013. (Doc. # 32-8). However, it includes that tariff as it was updated on July 15, 2013, several months after the shipment at issue in this case. (See Doc. # 32-8, p. 4, "Tariff 200-Z, effective January 7, 2013[,]" "Updated July 15, 2013"). It may very well be that the terms relevant to plaintiff's claim against FedEx Ground were not changed by the July 2013 update, but the court cannot assume that this is so.[10] Thus, FedEx Ground has not established that it is entitled to summary judgment on plaintiff's 49 U.S.C. § 14706 claim.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that

(1) the motion for summary judgment filed by defendant Federal Express Corporation (Doc. # 29) be GRANTED;

(2) the motion for summary judgment filed by defendant FedEx Ground (Doc. # 31) be GRANTED as to plaintiff's state law claims, as these claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706;

---

[10] The court has considered whether the motion for summary judgment might be resolved as to plaintiff's remaining claim on the basis of the terms stated on the reverse of the FedEx Ground order form with which plaintiff initiated the shipment. However, while that form includes some terms that might be dispositive, the form specifies that "[i]f there is a conflict between the current FedEx Service Guide and this FedEx Ground Order Form, the current FedEx Service Guide will control. (Doc. # 32-4, pp. 3, 5). Thus, the court cannot determine the precise terms governing FedEx Ground's liability without the then-current FedEx Service Guide, with the tariff as in effect at the time of plaintiff's shipment.

(3) in lieu of denying FedEx Ground's motion for summary judgment as to plaintiff's Carmack Amendment claim, the motion remain pending as to this claim and be referred back to the undersigned Magistrate Judge for further proceedings, including – as is permitted by Rule 56(e)(1)[11] – an order giving FedEx Ground an opportunity to file a copy of the ground tariff in effect at the time of plaintiff's shipment, with an authenticating declaration or affidavit, and allowing plaintiff an opportunity to respond to any additional evidence filed by FedEx Ground.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file objections to this Recommendation on or before January 26, 2016. Any such objections must identify the specific factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. The District Judge will not consider frivolous, conclusory, or general objections.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Judge of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

---

[11] If a party fails to support an assertion of fact as required by Rule 56(c), the court may allow the party an opportunity to support the fact properly. Fed. R. Civ. P. 56(e)(1).

Cir. R. 3-1; see Dupree v. Warden, 715 F.3d 1295 (11th Cir. 2013).

Done, this 12th day of January, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE