IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEBRA SKANES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-134-WKW-SRW |
| | ) |
| FEDEX GROUND PACKAGE | ) |
| SYSTEM, INC., | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

This matter is before the court for a second time on the motion for summary judgment filed on September 24, 2015 by defendant FedEx Ground Package System, Inc.[1] (Doc. 31). "Plaintiff Debra Skanes proceeds *pro se* in this action against defendants Federal Express Corporation and FedEx Ground Package System, Inc. She alleges that, by mishandling a shipment, defendants breached a fiduciary duty to her and caused her to suffer compensable injury. (Doc. 37 at 1). Defendants moved for summary judgment on plaintiff's various claims. (Docs. 1, 31).

The court previously summarized plaintiff's factual allegations as follows:

> On January 30, 2015, plaintiff Debra Skanes sued "Fedex" in the Circuit Court of Montgomery County, Alabama, alleging that "Fedex was to date a package for January 31, 2013 and deliver two bus[ ]iness days later

---

[1] The summary judgment standard of review set forth in the court's first recommendation is also applied here. (Doc. 37 at 3-4). Generally, a motion for summary judgment is due to be granted "if the movant has shown, based on [the court's] review of the entire record, 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" <u>Mississippi Valley Title Ins. Co. v. Thompson</u>, 802 F.3d 1248, 1252 (11th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). Where there is a dispute of fact based upon competing evidence, the court is obligated to construe the evidence in a light most favorable to the non-moving party. See <u>id.</u>

> but, instead the package was dated for [F]ebruary 1, 2013 and delivered six days later." (Complaint, Doc. 1–2). Plaintiff further alleges that this conduct "resulted in a dismissal of a court case." (Id.). She contends that "Fedex owes [her] a fiduciary duty to handle the mail with care" and that it breached this duty, causing her to suffer "financially, mentally, and emotionally." (Id.). Plaintiff seeks compensatory damages in the amount of $100,000.00 and "reserves the right to seek punitive damages in the amount of $100,000.00[.]" (Id.).
>
> Federal Express Corporation ("FedEx Express") removed the action to this court on February 26, 2015, invoking both diversity and federal question jurisdiction, and answered the complaint. (Doc. 1, 3). Thereafter, FedEx Ground Package System, Inc. ("FedEx Ground") moved to intervene as a defendant, asserting that it—not FedEx Express—had delivered the package at issue. (Doc. 13). The court allowed FedEx Ground to intervene [over plaintiff's objection.]

Skanes v. FedEx, No. 2:15CV134-WKW, 2016 WL 399658, at *1 (M.D. Ala. Jan. 12, 2016), *recommendation adopted,* No. 2:15CV134-WKW (M.D. Ala. Jan. 29, 2016) (bracketed text in original) (footnotes omitted). The undersigned Magistrate Judge recommended that summary judgment was due to be entered in favor of FedEx on all claims and in favor of FedEx Ground as to plaintiff's state law claims because plaintiff's claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706.  The court also concluded that plaintiff asserted a Carmack Amendment claim against FedEx Ground, but FedEx Ground had not demonstrated, on the record at the time the recommendation was entered, "that it [was] entitled to summary judgment on plaintiff's Carmack Amendment claim."  (Doc. 37 at 1). Chief United States District Judge William Keith Watkins adopted the January 12, 2016 recommendation, and referred this matter back to the undersigned for further proceedings in accordance with 28 U.S.C. § 636(b).  (Doc. 39).

After the court entered its first recommendation, but before Judge Watkins entered his order adopting that recommendation, FedEx Ground filed a motion to supplement the

2

record to supply additional evidence to support its motion for summary judgment as to plaintiff's Carmack Amendment claim. (Doc. 38). Plaintiff filed a motion in opposition to FedEx Ground's request to supplement the record. (Doc. 40). Judge Watkins granted the motion to supplement, and ordered FedEx Ground to file its additional exhibits on or before February 3, 2016.[2] (Doc. 39). FedEx Ground complied with Judge Watkins' order and submitted the affidavit of James McLaurin, the FedEx Ground Station Manager at 7910 Bill Joseph Parkway, Montgomery, Alabama, and the "correct FedEx Ground Tariff 200-Z effective January 7, 2013." (Doc. 41).[3] Judge Watkins' order afforded plaintiff the option of filing, by February 12, 2016, a brief and additional evidence in response to FedEx Ground's new evidence; however, plaintiff made no such submission.

The issue of FedEx Ground's motion for summary judgment as to plaintiff's Carmack Amendment claim is now ripe for a decision. Upon review of the record, including FedEx Ground's supplemental evidentiary submission, the court concludes that the motion for summary judgment is due to be granted.

As an initial matter, plaintiff was cautioned in two court orders that, if she failed to oppose the motion for summary judgment in accordance with the court's orders and Federal

---

[2] On January 29, 2016, Judge Watkins granted FedEx Ground's request to supplement the record before plaintiff's motion to oppose supplementation of the record was docketed later that day. (Doc. 39, 40). Plaintiff's motion is moot to the extent it opposes FedEx Ground's motion to supplement the record; Judge Watkins had already granted the motion to supplement when plaintiff's motion was filed. Whether plaintiff's motion is construed as a motion to reconsider Judge Watkins' ruling or, alternatively, as a motion to strike FedEx Ground's supplemental evidentiary submission, it is due to be denied.

[3] FedEx Ground filed a second motion for leave to supplement the record with its evidentiary submission on February 3, 2016. (Doc. 41). FedEx Ground had permission to file additional evidence by that date pursuant to Judge Watkins' order adopting the undersigned's first recommendation. (Doc. 39). Thus, the second motion for leave is superfluous and will be denied as moot.

Rule of Civil Procedure 56, she risked summary judgment's being granted in defendant's favor. (Doc. 35, 39).[4] Those orders also informed plaintiff that, if she did not file evidence to contradict the movant's evidence on a point of fact, the court may accept the moving party's evidence as the truth for purposes of the motion. (Id.). While plaintiff responded to FedEx Ground's motion for summary judgment prior to the entry and adoption of the court's first recommendation, she did not respond to the defendant's supplemental brief and evidentiary submission. Thus, the supplemental evidence filed by FedEx Ground is uncontroverted.[5]

Turning to the merits of plaintiff's sole remaining claim in this lawsuit – i.e., that

---

[4] Judge Watkins' order docketed at Doc. 39 directs plaintiff to adhere to the requirements of the Magistrate Judge's order of October 15, 2015, which is docketed at Doc. 35. (Doc. 39 at 2, n. 1).

[5] When plaintiff elected to remain silent after FedEx Ground filed its supplemental evidence, plaintiff failed to preserve and defend her Carmack Amendment claim on summary judgment. See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1322 (11th Cir. 2001) (finding claim abandoned, and affirming grant of summary judgment, as to claim presented in complaint but not raised in initial response to motion for summary judgment); Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1325 (11th Cir. 2000) (finding claim abandoned where it was not briefed and argued in district court in party's response to motion for summary judgment or in party's own motion for summary judgment). See also Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 182 F.3d 888, 892 (11th Cir. 1999) (affirming "the unremarkable position that assertions made in the pleadings (e.g., complaint or answer), but not made in opposition to a motion for summary judgment, need not be considered by the district court or the appellate court in ruling on the motion for summary judgment."); Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("In opposing a motion for summary judgment, 'a party may not rely on his pleadings to avoid judgment against him.' There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."). Accordingly, plaintiff abandoned her Carmack Amendment claim by failing to address FedEx Ground's supplemental evidentiary submission respecting the claim. In addition, as discussed infra, there is an independent basis for granting summary judgment in defendant's favor on the merits of plaintiff's Carmack Amendment claim. See Powell v. Am. Remediation & Envtl., Inc., 61 F. Supp. 3d 1244, 1253 (S.D. Ala. 2014), aff'd, 618 F. App'x 974 (11th Cir. 2015) ("Where a party wholly fails to respond to a summary judgment motion, the district court must make sure that it nonetheless is appropriate to enter summary judgment against the party that did not respond; in contrast, where the non-moving party fails to address a particular claim asserted in the summary judgment motion but has responded to other claims made by the movant, the district court may properly consider the non-movant's default as intentional and therefore consider the claim abandoned.").

FedEx Ground violated the Carmack Amendment because of a delay in delivering plaintiff's package to the United States Supreme Court – summary judgment is due to be granted. It is a long-standing point of law that the Carmack Amendment encompasses a shipper's claims for "damages caused by delay in making delivery." See Express Co. v. Pastime Amusement Co., 299 U.S. 28, 29 (1936). The Carmack Amendment allows a carrier, such as FedEx Ground, to limit its liability and to impose a time limit on submitting claims for loss to the carrier. See 49 U.S.C. §§ 14706(c)(1)(A); 14706(e)(1). In its first recommendation on the instant motion for summary judgment, the court made the following findings regarding FedEx Ground's limitations of its liability:

> Under the Carmack Amendment, a carrier like FedEx Ground is liable for the "actual loss or injury to the property caused by" the carrier, unless it limits its liability under the terms of the statute. 49 U.S.C. § 14706. A motor carrier may "... establish rates for the transportation of property ... under which the liability of the carrier for such property is limited to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation." Id. at § 14706(c)(1)(A). To limit its liability under the Carmack Amendment, a carrier must
>
> > (1) maintain a tariff within the prescribed guidelines of the Interstate Commerce Commission; (2) give the shipper a reasonable opportunity to choose between two or more levels of liability; (3) obtain the shipper's agreement as to the choice of liability; and (4) issue a receipt or bill of lading prior to moving the shipment.
>
> UPS Supply Chain Solutions, Inc. v. Megatrux Transportation, Inc., 750 F.3d 1282, 1286 (11th Cir. 2014).
>
> FedEx Ground has filed evidence that, at the time of the shipment at issue, it "performed interstate transportation services pursuant to the FedEx Ground Tariff 200–Z, effective January 7, 2013. (McLaurin dec., Doc. 32–3, ¶ 5). It points to evidence that plaintiff initiated the shipment using a FedEx

> Ground Order form. (Doc. 32–4). The FedEx Ground order form provides, on a line immediately following the section for the shipper's and recipient's addresses, a space for the shipper to indicate the "Declared Value" of the package; plaintiff left this space blank. (Id.). The form includes language directly below that line that states, "Our liability is limited to $100 per package unless you declare a higher value. See back for details." (Id.). The reverse of the FedEx Ground order form provides that, by tendering the package for delivery, the shipper agrees to the terms on the FedEx Ground order form and in the "current FedEx Service Guide," and that the latter is available at "fedex.com" and upon request. (Id.). This evidence suggests that FedEx Ground has limited its liability to some extent by the terms set forth in FedEx Ground Tariff 200–Z, effective January 7, 2013. However, FedEx Ground has not established that it is entitled to summary judgment on the present record on the basis of those terms. The version of Tariff 200–Z that is now of record in this matter is not precisely as it was on January 31, 2013, when plaintiff presented her package to FedEx for shipment.

Skanes, 2016 WL 399658, at *4 (footnotes omitted). Consequently, in light of the court's previous conclusion in the first recommendation that FedEx Ground limited its liability based upon the terms of the January 7, 2013 tariff, the only issue that remains to be determined is whether the same terms were in effect on January 31, 2013 and, thus, plaintiff's Carmack Amendment claim is foreclosed.

In its supplemental evidentiary submission, FedEx Ground establishes that there is no dispute of fact that the terms of the January 7, 2013 tariff – Tariff 200-Z – were indeed effective through the months of January and February of 2013; FedEx Ground provides evidence that the January 7, 2013 version of Tariff 200-Z is "precisely as it was on January 31, 2013." (Doc. 41-1, 41-2). Therefore, the January 7, 2013 tariff's limitations of liability are applicable to plaintiff's Carmack Amendment claim. Tariff 200-Z provides that "claims for … delay must be filed in writing with FedEx Ground within nine months from the date of delivery[.]" (Doc. 41-2 at 8). FedEx Ground correctly argues that "the limitation is

6

enforceable" because the Carmack Amendment allows a carrier to impose a time limit on the filing of claims as long as the limit is not less than 9-months. (Doc. 32 at 11 (citing 49 U.S.C. § 14706(e)(1)). Plaintiff testified during her deposition that she never filed or made a claim with FedEx Ground for alleged damages resulting from the delayed delivery, and that the only action she took regarding the late delivery was to file the instant lawsuit, which was brought nearly 24 months after the date of delivery. (Doc. 32-1 at 6-7).

Accordingly, because plaintiff did not comply with the claims process proscribed by Tariff 200-Z – i.e., she did not file a claim with FedEx Ground within the 9-month limitation period – she is foreclosed from bringing a lawsuit under the Carmack Amendment. See 49 U.S.C. § 14706(e)(1); Bishop v. Allied Van Lines, Inc., 2009 WL 5066786, at *6 (M.D. Fla. 2009) ("The Carmack Amendment permits carriers to place a nine-month limit on claims[.]").[6] Thus, summary judgment is due to be entered in favor of FedEx Ground because plaintiff did not file a timely claim for loss with FedEx Ground.[7]

## CONCLUSION AND ORDER

In light of the foregoing, it is

ORDERED as follows:

---

[6] Had plaintiff made a timely claim, then federal regulations would govern the administration of the claim, and the minimum filing regulations "should be interpreted liberally in light of [their] purpose, which is to provide the carrier adequate notice of the claim so that it can conduct an independent investigation of the damage, not to relieve the carrier of liability." Siemens Power Transmission & Distrib., Inc. v. Norfolk S. R.R. Co., 420 F.3d 1243, 1245 (11th Cir. 2005); see also Bishop, 2009 WL 5066786, at *6-7 (same). The federal regulations are not applicable in this case because the undisputed evidence, particularly plaintiff's deposition testimony, is that plaintiff never made a claim of loss with FedEx Ground. (Doc. 32-1 at 6-7).

[7] Due to the conclusion that plaintiff's Carmack Amendment claim fails because plaintiff did not make a timely claim with FedEx Ground, the undersigned does not address whether plaintiff makes out a *prima facie* claim under the Carmack Amendment or FedEx Ground's remaining arguments in support of summary judgment regarding limitation of damages.

1. Plaintiff's motion to oppose summary judgment (Doc. 40) – which is construed as a motion to prevent FedEx Ground from supplementing the record, a motion to reconsider, or, alternatively, a motion to strike FedEx Ground's supplemental evidentiary submission – is hereby DENIED; and,

2. FedEx Ground's motion to amend or correct the record (Doc. 41) is DENIED as MOOT.

Furthermore, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by FedEx Ground (Doc. 31) be GRANTED; and

2. Final judgment be entered in favor of the defendant, FedEx Ground, on plaintiff's sole remaining claim, brought under the Carmack Amendment.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file any objections to this Recommendation on or before **September 23, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th

Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 9th day of September, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge